IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By staylor at 9:28 am, Oct 03, 2017

FRANKLIN L. WILLIAMS,

    Petitioner,

v.

WARDEN J.V. FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:17-cv-25

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Franklin Williams ("Williams"), who is currently housed at the Federal Correctional Institution in Jesup, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Williams also filed two Motions for Leave to Proceed *in Forma Pauperis*. (Docs. 2, 3.) Upon review, the Court **DENIES** Williams' Motions, (docs. 2, 3). Additionally, I **RECOMMEND** that the Court **DISMISS** Williams' Section 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Williams *in forma pauperis* status on appeal. The Court also **GRANTS** Williams' Motion to Supplement, (doc. 5), but only to the extent the Court considered the allegations contained in Williams' Supplement to reach the recommended disposition of this case.

**DISCUSSION**

**I.    Whether Williams can Proceed Pursuant to Section 2241**

Williams' Petition is yet another in a long line of Section 2241 petitions Williams has filed in this Court. The instant Petition is at least Williams' fifteenth Section 2241 Petition filed

in this District.  All of his previous petitions were dismissed because Williams could not satisfy the saving clause of 28 U.S.C. § 2255(e).  See Williams v. Bethtord, 5:15-cv-6 (S.D. Ga. Aug. 6, 2015).  Although the Court can now prevent Williams from filing these repetitive and abusive habeas corpus actions, Williams filed this Petition prior to Chief Judge J. Randal Hall's entry of the Order in Case Number 1:17-mc-1.[1]  Order, In re: Franklin Williams, 1:17-mc-1 (S.D. Ga. July 25, 2017), ECF No. 1.  Nevertheless, the Court can prevent the waste of judicial resources expended on the review of his claims in this Petition and should dispose of Williams' Petition as expeditiously as possible.

Through his many prior petitions, Williams has asserted the same claims as he does in this Petition or some variation of those same claims.  (Doc. 1.)  As the Court informed Williams on these previous occasions, he is not entitled to relief pursuant to Section 2241 because he does not satisfy Section 2255(e)'s requirements.  To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence.  McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017).  Because Williams does not satisfy this basic requirement, the Court should **DISMISS** Williams' Petition.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Williams leave to appeal *in forma pauperis*.  Though Williams has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice

---

[1]  Williams is advised that, should the Court adopt this Report and Recommendation as the opinion of the Court, his post-judgment filings will be restricted based on the Order in Case Number 1:17-mc-1.  Order, In re: Franklin Williams, 1:17-mc-1 (S.D. Ga. July 25, 2017), ECF No. 1.

of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. <u>Busch v. Cty. of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Williams' Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Williams' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Williams leave to proceed *in forma pauperis*. The Court **DENIES** Williams' Motions for Leave to Proceed *in Forma Pauperis* in this Court. (Docs. 2, 3.) However, the Court **GRANTS** Williams' Motion to Supplement, but only to the extent the Court considered the allegations contained in Williams' Supplement to reach the recommended disposition of this case. (Doc. 5.)

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Williams.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of October, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA